## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| APRIL GILLMORE, individually and on behalf of all others similarly situated, | Case No. 8:17-CV-2064-T-17 MAP |
| *Plaintiff,* | CLASS ACTION COMPLAINT |
| | DEMAND FOR JURY TRIAL |
| *v.* | |
| LOKEY AUTOMOTIVE GROUP, INC. d/b/a LOKEY VOLKSWAGEN, | |
| *Defendant.* | |

FILED

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff April Gillmore brings this Class Action Complaint and Demand for Jury Trial against Defendant Lokey Automotive Group, Inc. d/b/a Lokey Volkswagen ("Lokey" or "Defendant") to stop its practice of sending unsolicited text messages to cellular telephones without the recipient's consent and to obtain redress for all persons injured by its conduct, including injunctive relief. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1.      Defendant Lokey is a company in Florida that sells automobiles and automobile repair services.

2.      To promote its business and attract new customers, Lokey sent unsolicited text message advertisements to consumers in Florida—with whom it had no prior relationship with whatsoever—encouraging them to schedule an appointment to repair their vehicles at its dealership.

3.      Lokey sent the text message advertisements at issue *en masse* using an automated telephone dialing system ("ATDS") to a list of cell phone numbers it purchased from a third

1


TPA045561

party.

4.      Plaintiff Gillmore, like the other members of the putative class, never agreed or consented to receive autodialed promotional text messages from Lokey (or the third party from which Lokey purchased their cell phone numbers), and has no relationship with either company.

5.      Lokey's practice of sending promotional text messages to the cell phones of Plaintiff and the Class—without their prior express consent—violates the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

6.      The TCPA was enacted to protect consumers from unsolicited telephone and text message calls exactly like the ones alleged in this case. By sending the unsolicited text messages at issue to the personal cell phones of Plaintiff and the Class, Lokey violated their privacy and statutory rights, and caused them to suffer actual harm, including the aggravation, nuisance, and invasions of privacy that necessarily accompanies the receipt of unsolicited text messages.

7.      In response to Lokey's unlawful conduct, Plaintiff filed this action seeking an injunction requiring Lokey to cease all unsolicited text messaging activities, as well as an award of statutory damages to the members of the Class as provided under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

8.      Plaintiff Gillmore is a natural person and resident of the State of Florida.

9.      Defendant Lokey is a corporation organized and existing under the laws of the State of Florida with its principal place of business located at 27850 US Highway 19 North, Clearwater, Florida 33761.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over

2

Defendant because it conducts a significant amount of business in this District, solicits consumers in this District, sent and continues to send unsolicited text messages in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

11.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts a significant amount of business within this District and markets to this District, and because the wrongful conduct giving rise to this case occurred in and/or was directed to this District. Venue is additionally proper because both Defendant and Plaintiff reside in this District.

## COMMON FACTUAL ALLEGATIONS

12.     In recent years, some companies have turned to unsolicited text messaging as a low-cost way to market to new customers.

13.     To assist with its text messaging campaign, Defendant hired Recall Masters, Inc. ("Recall Masters") to provide it with the lists of potential customers in the area who have unperformed automobile recalls from the year 2000 or later.  Specifically, Recall Masters provided Defendant with the names and cell phone numbers of potential customers, along with the make, model, and year of their vehicles.

14.     Defendant then uses the cell phone numbers provided by Recall Masters to send text messages *en masse* informing the vehicle owners about a supposed recall involving their particular vehicle and soliciting them to schedule an appointment at the dealership.

15.     Defendant intended the text message recipients to respond by scheduling an appointment at its dealership and paying money for services.

16.     Recall Masters claims that it "leverage[s] more than 40 data sources to identify up to three times more vehicles with open recalls [and] create[s] opportunities [for companies like Defendant] to increase sales and services revenue. . . ."

3

17.    As illustrated in <u>Figure 1</u>, Recall Masters claims that "[m]ore recalls [equals] more customers [plus] more profit."

(**Figure 1**).

Recall Masters goes on to write "comprehensive recall solutions not only establish your dealer as the community leader in automotive safety, but benefit your dealership immensely by connecting with first time customers, securing additional customer pay RO revenue, increasing vehicle sales, winning back lost customers and saving/improving CSI scores."

18.    An article recently published online stated that automotive businesses such as Defendant's benefit from open recalls because they "represent a unique market opportunity to grow sales and service revenue, drive up each dealership's CSI and restore [their] brand's integrity in the eyes of the consumer."[1]

19.    A case study done by Recall Masters themselves states that "[a]fter just four months on the program, Sullivan Toyota [a business substantially similar to Defendant] realized over $384,000 in additional service revenue, consisting of $307,104 warranty revenue and $77,321 customer pay revenue.  And that's not all - *it also sold an additional 81 vehicles.*" (emphasis added).[2]

---

[1]    *AutoLoop Partners with Recall Masters to Revolutionize Vehicle Repairs by Chris Miller | DrivingSales,* https://www.drivingsales.com/chris-miller-35518/blog/autoloop-partners-with-recall-masters-to-revolutionize-vehicle-repairs (last visited Aug. 21, 2017).

[2]    *Case Study: Sullivan Brothers - Recall Masters,* http://www.recallmasters.com/case-study-sullivan-bros/ (last visited Aug. 21, 2017).

20.     Defendant knowingly sent (and continues to send) unsolicited telemarketing text messages without the prior express written consent of the recipients.  In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

### FACTS SPECIFIC TO PLAINTIFF APRIL GILLMORE

21.     On June 8, 2017 at 1:01 p.m., Gillmore received an unsolicited text message on her cellular telephone from telephone number (727) 998-4222 stating, "Hi April, [y]ou have an unrepaired recall on your 2003 Jetta.  This is the Recall Department at Lokey Volkswagen.  Would you like to learn more, schedule an appointment, or be removed from our recall alert contact list?" *See* Figure 2. The telephone number (727) 998-4222 is owned and/or operated by Defendant.



(**Figure 2**).

22.     In reality, the recall identified in the text message was issued in 2007 (10 years ago) and was not covered under the car's warranty.  As such, Defendant sent the text message to Plaintiff with the purpose of soliciting her to schedule an appointment at its dealership and pay money out of her own pocket to perform repairs to her vehicle.

23.     Gillmore has not taken her car to Defendant's dealership in over 10 years. She does not have a relationship with Defendant, and has never provided her cell phone number to Defendant or Recall Masters for any reason, let alone for them to market to her using an ATDS. Simply put, Defendant did not obtain Gillmore's prior express written consent to send text message advertisements to her and the parties did not have any previous relationship whatsoever.

24.     By sending unauthorized text messages as alleged herein, Defendant caused Plaintiff and the Class to suffer actual harm in the form of annoyance, nuisance, and invasion of privacy. In addition, the text messages disturbed Plaintiff's and the Class's use and enjoyment of their cellular telephones, in addition to the wear and tear on the cellular telephone's hardware (including the cellular telephone's battery) and the consumption of memory on their cellular telephones.

25.     In order to redress these injuries, Gillmore, on behalf of herself and a Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited voice and text calls to cellular telephones.

26.     On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all wireless text-messaging activities and an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

27.     **Class Definition:** Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and a class of similarly situated

individuals defined as follows:

> All persons in the United States (1) to whom Defendant (or a third person acting on behalf of Defendant) sent one or more text message advertisements, (2) to his or her cellular telephone phone, (3) between four years prior to the filing of this complaint through the present (4) without a record demonstrating prior express written consent to send such text messages.

The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant has been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

28.    **Numerosity**: The exact sizes of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant sent autodialed text messages to thousands of consumers who fall into the definition of the Class. Members of the Class can be easily identified through Defendant's or its agent's records.

29.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

> (a) whether Defendant's conduct constitutes a violation of the TCPA;
>
> (b) whether Defendant utilized an automatic telephone dialing system to send text messages to members of the Class, as contemplated by the TCPA;

7

(c) whether Defendant obtained prior express written consent to contact any class members; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

30.    **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited text message calls.

31.    **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Neither Plaintiff nor her counsel has any interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so.

32.    **Policies Generally Applicable to the Class:** This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

33.    **Superiority:** This class action is also appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct.

Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

## FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### 47 U.S.C. § 227
### (On Behalf of Plaintiff the Class)

34.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

35.     Defendant sent autodialed text messages to cellular telephone numbers belonging to Plaintiff and other members of the Class without first obtaining their prior express written consent to receive such autodialed text messages.

36.     Defendant sent the text messages using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. The telephone dialing equipment utilized by Defendant dialed cell phone numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Defendant's autodialer disseminated information *en masse* to Plaintiff and other members of the putative Class simultaneously and without human intervention.

37.     By sending the unsolicited text messages to Plaintiff and other members of the putative Class without their prior express consent, and by utilizing an automatic telephone dialing system to make those calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

38.     As a result of Defendant's conduct, Plaintiff and the other members of the putative Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of the TCPA.

39.     In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the putative Class.

40.     Additionally, as a result of Defendant's unlawful conduct, Plaintiff and the other members of the putative Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A) to ensure that Defendant's violations of the TCPA do not continue into the future.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff April Gillmore, individually and on behalf of the Class, prays for the following relief:

1.     An order certifying the Class as defined above, appointing Plaintiff Gillmore as the representatives of the Class, and appointing her counsel as Class Counsel;

2.     An award of actual, statutory, and treble damages;

3.     An order declaring that Defendant's actions, as set out above, violate the TCPA;

4.     An order declaring that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

5.     An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

6.     An order requiring Defendant to identify any third-party involved in the autodialed calling as set out above, as well as the terms of any contract or compensation arrangement it has with such third parties;

7.     An injunction requiring Defendant to cease all unsolicited text-messaging activities, and enjoining the Defendant from using, or contracting the use of, an automated or computerized dialing system to place text message calls without consent;

8.     An award of reasonable attorneys' fees and costs to be paid out of the common

fund; and

9.    Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**APRIL GILLMORE**, individually and on behalf
of a Class of similarly situated individuals

Dated: August 23, 2017          By: _____
One of Plaintiff's Attorneys

Benjamin H. Richman*
brichman@edelson.com
Ari J. Scharg*
ascharg@edelson.com
EDELSON PC
350 N. LaSalle, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370

Stefan Coleman (Florida Bar No. 0030188)
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd., 28th floor
Miami, Florida 33131
Tel: 877.333.9427
Fax: 888.498.8946

*Attorneys for Plaintiff and the Class*
*\*Pro Hac Vice admission to be sought*